## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**Case No**. _____

**WENDY FINKELSTEIN**,

     Plaintiff,

v.

**LQV WEST PALM BEACH, LLC,**
A Florida Limited Liability Corporation,
And **SAM TEJADA**, individually,

     Defendants.

_____/

## DEFENDANTS' NOTICE OF AND PETITION FOR REMOVAL

Defendants, **LQV WEST PALM BEACH, LLC,** a Florida Limited Liability Corporation, and **SAM TEJADA**, individually (hereinafter collectively referred to as "Defendants"), in accordance with the applicable Federal Rules of Civil Procedure and 28 U.S.C. §§ 1331, 1441, and 1446, hereby respectfully file this Notice of and Petition for Removal (the "Notice"). Defendants request that the Honorable Court remove this action filed by the Plaintiff, Wendy Finkelstein ("Plaintiff"), from the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida, to the United States District Court for the Southern District of Florida. The removal of this action is based upon the following:

     1.     On or about April 27, 2021, Plaintiff filed an eight-count civil action in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, styled as Wendy Finkelstein v. LQV West Palm Beach, LLC and Sam Tejada, (hereinafter the "Circuit Court case") asserting purported violations

of the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760 *et. seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, Title VII of the Civil Rights Act of 1866, 42 U.S.C. § 1981, and the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* The Circuit Court case was assigned Case No. 502021-CA-005394XXXXMB, Div AG.

2.      On May 10, 2021, Defendants' counsel e-mailed Plaintiff's counsel to state that Defendants would be represented by the undersigned and that the undersigned was authorized to accept service on behalf of both Defendants. *See* **Exhibit 1**. Therefore, this Notice has been filed within 30 days after acceptance of service of the Complaint pursuant to 28 U.S.C. § 1446(b).

3.      A copy of the acceptance of service, pleadings, and orders is attached to this Notice as **Exhibit 1**, as required by 28 U.S.C. § 1446(a).

4.      Pursuant to 28 U.S.C. § 1446(d), Defendants provided written notice of the removal to all adverse parties in this action by filing a copy of this Notice in the Circuit Court in and for Palm Beach County, Florida.

5.      A removal is not proper unless "all defendants who have been properly joined and served...consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).    Defendants have complied with this requirement because Defendants are the only named Defendants and consent to removal and is filing this Notice of and Petition for Removal.

6.      The District Court of the United States has original federal question jurisdiction over this matter because the Complaint involves controversies

arising under the Title VII, 42 U.S.C. § 1981, and the FLSA. *See* 28 U.S.C. § 1331. Thus, this action is removable pursuant to 28 U.S.C. § 1441(a).

7.      The United States District Court for the Southern District of Florida, West Palm Beach Division, includes the judicial county in which Plaintiff filed her Complaint. *See* 28 U.S.C. § 1441(a). Thus, removal is proper to this Court.

8.      Defendants submit this Notice of Removal without waiving any defenses or affirmative defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

**WHEREFORE**, Defendants, **LQV WEST PALM BEACH, LLC,** a Florida Limited Liability Corporation, and **SAM TEJADA**, individually, respectfully request this action be removed from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach Dade County, Florida, to the United States District Court for the Southern District of Florida, and that this Court direct that the Circuit Court has no further jurisdiction of this matter unless this case is remanded.

Respectfully submitted on May 12, 2021.

By: ***/s/ Brody M. Shulman***
Brody M. Shulman, Esq.
Florida Bar No. 092044
brody@pba-law.com

**PERERA BARNHART ALEMÁN**
300 Sevilla Avenue
Suite 206
Coral Gables, Florida 33134
Telephone: 786-485-5232
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 12, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notice of Electronic Filing generated by CM/ECF and Electronic Mail.

/s/ *Brody M. Shulman*
Brody Max Shulman, Esq.

**SERVICE LIST**

Russell Kerr, Esq.
E-mail: rkerr@russellkerrlaw.com
Nicholas M. Sarta, Esq.
E-mail: nsarta@russellkerrlaw.com
Gregory M. Sussman, Esq.
E-mail: Gregory.sussman@russellkerrlaw.com
Edward Buchanan, Esq.
E-mail: edward@russellkerrlaw.com

**RUSSELL KERR, P.A.**
1044 North U.S. Highway One
Suite 202
Jupiter, Florida 33477
Tel. 561-571-0358
Fax. 561-658-0677
*Counsel for Plaintiff*

# EXHIBIT "1"

Filing # 125705161 E-Filed 04/27/2021 03:59:52 PM

## FORM 1.997.    CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT COURT OF THE <u>FIFTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>PALM BEACH</u>   COUNTY, FLORIDA

<u>Wendy Finkelstein</u>
Plaintiff                                                          Case # _____
                                                                     Judge _____

vs.

<u>LQV WEST PALM BEACH LLC, Sam Tejada</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE       (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

NOT A CERTIFIED COPY

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
     ☐ Business governance
     ☐ Business torts
     ☐ Environmental/Toxic tort
     ☐ Third party indemnification
     ☐ Construction defect
     ☐ Mass tort
     ☐ Negligent security
     ☐ Nursing home negligence
     ☐ Premises liability—commercial
     ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
     ☐ Commercial foreclosure
     ☐ Homestead residential foreclosure
     ☐ Non-homestead residential foreclosure
     ☐ Other real property actions

☐ Professional malpractice
     ☐ Malpractice—business
     ☐ Malpractice—medical
     ☐ Malpractice—other professional
☒ Other
     ☐ Antitrust/Trade regulation
     ☐ Business transactions
     ☐ Constitutional challenge—statute or ordinance
     ☐ Constitutional challenge—proposed amendment
     ☐ Corporate trusts
     ☒ Discrimination—employment or other
     ☐ Insurance claims
     ☐ Intellectual property
     ☐ Libel/Slander
     ☐ Shareholder derivative action
     ☐ Securities litigation
     ☐ Trade secrets
     ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

NOT A CERTIFIED COPY

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ] (Specify)

   8

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☐ no
    ☒ yes If "yes," list all related cases by name, case number, and court.
    2020CA007757

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Russell A Kerr        Fla. Bar # 10206
    Attorney or party            (Bar # if attorney)

Russell A Kerr          04/27/2021
 (type or print name)         Date

NOT A CERTIFIED COPY

Filing # 125705161 E-Filed 04/27/2021 03:59:52 PM

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

WENDY FINKELSTEIN,

          Plaintiff,          CASE NO.: _____

v.

LQV WEST PALM BEACH LLC,
a Florida limited liability company,
and SAM TEJADA,

          Defendants.

_____/

## COMPLAINT

COMES NOW, Plaintiff, WENDY FINKELSTEIN (hereinafter "Plaintiff") and hereby sues the Defendants, LQV WEST PALM BEACH and SAM TEJADA (hereinafter "Defendants") and alleges as follows:

### PARTIES, JURISDICTION and VENUE

1. This is an action for damages and equitable relief that exceeds Thirty Thousand Dollars ($30,000.00).

2. Plaintiff WENDY FINKELSTEIN is a natural person and is over the age of twenty-one(21) years old, and is sui-juris.

3. Upon information and belief, Defendant LQV WEST PALM BEACH LLC is a company organized and existing under the laws of the State of Florida.

4. Upon information and belief, Defendant SAM TEJADA is a natural person residing in Palm Beach County.

5. Venue is proper in Palm Beach County, Florida because the cause of action giving rise to this Complaint occurred in Palm Beach County.

1

6. All conditions precedent to this Complaint have either been performed, were waived or are otherwise excused.

## **GENERAL ALLEGATIONS**

7. This is an action for declaratory relief, injunctive relief, and damages in excess of $30,000 excluding attorneys' fees or costs resulting from Defendant's unlawful employment practices pursuant to the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq*. ("FCRA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII"); Title VII of the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§ 1981"), and the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), to redress injuries resulting from Defendant's unlawful gender-based discriminatory treatment, religious based discriminatory treatment, retaliation against Plaintiff, and to recover from the Defendant, unpaid minimum wage and/or overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

8. At all times material hereto, Plaintiff was a resident of Broward County, Florida.

9. Defendant LQV WEST PALM BEACH, LLC., (LQV) is a Florida limited liability company authorized to conduct business in the State of Florida and has its principal place of business in PALM BEACH COUNTY, Florida and within the jurisdiction of this Honorable Court.

10. Third Party Defendant, SAM TEJADA, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant LQV WEST PALM BEACH, LLC.

11. Venue is proper because all of the actions that form the basis of this Complaint occurred within this district and venue is also proper in the Southern District of Florida pursuant to

28 U.S.C. Section 1391(b) because the employment practices hereafter alleged to be unlawful were committed within the jurisdiction of the Southern District of Florida.

12. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

13. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

14. Plaintiff is a white female of Jewish faith, and within a class of individuals protected by Title VII, the FCRA, and § 1981.

15. Plaintiff performed work for the Defendant as a Physician's Assistant (P.A.) and was employed by Defendant from on or about February 18, 2018 to on or about July 24, 2020.

16. Throughout Plaintiff's employment, Plaintiff performed her duties in an exemplary manner or above satisfactory levels.

17. During Plaintiff's employment, Plaintiff was discriminated against by her supervisor Dr. Willix, who was the sole medical director of LQV.

18. After Dr. Willix took over his position, and shortly after Plaintiff began her employment at LQV, three (3) Jewish employees were terminated from the company.

19. Dr. Willix was hostile towards other Jewish employees often speaking about them in derogatory terms by making anti-Semitic comments when outside of their presence.

20. On prior occasions, non-Jewish male employees would never receive warnings for otherwise terminable offenses including Practitioner Chad Van Horn, when during Plaintiff's training period, Mr. Van Horn introduced himself to the Plaintiff as a "WASP",

speaking in a German accent and making a reference to himself being the "chosen race" of Hitlers choice.

21. Plaintiff was told by other staff not to let Dr. Willix know she was Jewish for fear of retaliation and disparate treatment.

22. Plaintiff further received derogatory text messages from Dr. Willix in 2019 referring to her as a child who was unable to competently do her job.

23. Plaintiff reported Dr. Willix's Anti-Semitic comments to her Manager and CEO of LQV, Sam Tejada, who never reprimanded Dr. Willix, but instead informed him of what Plaintiff reported.

24. Thereafter, Dr. Willix aggressively took Plaintiff aside and told Plaintiff that "he knows more about the Jewish religion than her or anyone" and that he had the right to freely say what he wants.

25. Dr. Willix then aggressively stated to Plaintiff that she did not know what she was talking about and referred to himself as a "Shaman" and "Ayurvedic Healer".

26. Despite the verbally abusive, and threatening behavior, Plaintiff continued to work under Dr. Willix in fear of losing her job.

27. Plaintiff continued to report complaints of this repeated pattern of behavior to the CEO of LQV (Sam Tejada), often in tears from the abuse, but Mr. Tejada told Plaintiff that Dr. Willix was from an old generation and was just a grumpy old man, making light of Plaintiff's pleas for help.

28. As LQV's disparate, unlawful, and discriminatory employment practices continued, Plaintiff was told she was to begin administering injection treatments to LQV patients for Botox and erectile dysfunction despite her reluctance to do so.

4

29. Plaintiff reluctantly complied with LQV's mandate in fear of losing her job.

30. While performing her duties administering injectable Botox and erectile dysfunction treatments, Plaintiff was sexually harassed by Eric Leander, an independent contractor of LQV, who is also, upon information and belief, known to be a personal friend of LQV's CEO, Sam Tejada.

31. Upon information and belief, Mr. Leander represents AMINOWELL, the sole proprietor of stem cells for LQV.

32. Upon information and belief, Mr. Leander also publishes a magazine which highlights and promotes LQV and their array of medical treatments.

33. On or about May 2020, while administering treatment on his shoulder, Mr. Leander took Plaintiff's arm and placed it directly on his penis and told her "she needed to have more fun".

34. Plaintiff immediate reported this incident to LQV's HR manager Rebecca, however, this incident was never reported and Plaintiff was forced to continue working with Mr. Leander until her termination by LQV on or about July 24, 2020.

35. Furthermore, on one occasion, the CEO of LQV, Sam Tejada, ordered Plaintiff to travel to a different location than the one she worked, to personally treat a friend of his, Brian Clement, for erectile dysfunction, which included touching, treating, and injecting his penis, despite the fact a male practitioner, practicing at that exact location was available to administer the treatment to Mr. Clement.

36. Throughout her employment with LQV, Plaintiff was singled out time and time again, was never given raises, nor bonuses after her reviews and was overworked, doubled booked, and treated differently than other non-Jewish and male employees.

37. Plaintiff was told her termination on July 24, 2020 was due to her operation of a website, despite the fact that other non-Jewish employees, who operate identical websites, were retained and continue to be employed by LQV. Furthermore, Defendant has withheld and failed to pay Plaintiff's last earned paycheck for the work she performed while under Defendant's employ.

38. Any reason proffered by Defendant for Plaintiff's termination is mere pretext for unlawful discrimination. Throughout her employment Plaintiff was able to perform the essential functions of her job duties and responsibilities, and at all relevant times she did perform her job at satisfactory or above-satisfactory levels.

39. Plaintiff timely filed a Charge of Discrimination alleging discrimination on the basis of religion and gender with the Equal Employment Opportunity Commission on or about February 9, 2021. (Charge Number 510-2021-02017). (See Exhibit A).

40. On or about February 17, 2021, the EEOC issued Plaintiff a Notice of Right to Sue letter. (See Exhibit B).

41. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. Plaintiff has thus become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I
### *Religion Discrimination in Violation of the FCRA*

42. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-41 above as if set out in full herein.

43. Plaintiff is a member of a protected class under the FCRA.

44. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's religion and subjected the Plaintiff to religion-based animosity.

45. Such discrimination was based upon the Plaintiff's religion in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Jewish.

46. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's religion was unlawful but acted in reckless disregard of the law.

47. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

48. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

49. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

50. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

51. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and/or federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

52. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Enter an award against Defendant for front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT II**</u>

*Gender Discrimination in Violation of the FCRA*

53. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-52 above as if set out in full herein.

54. Plaintiff is a member of a protected class under the FCRA.

55. By the conduct described above, Defendants have engaged in discrimination against Plaintiff because of Plaintiff's gender and subjected the Plaintiff to gender-based

animosity.

56. Such discrimination was based upon the Plaintiff's gender in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is female.

57. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendants and their supervisory personnel were aware that discrimination on the basis of gender was unlawful but acted in reckless disregard of the law.

58. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

59. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

60. As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

61. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

62. The actions of the Defendants and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant

9

to state and federal law, to punish the Defendants for their actions and to deter them, and

others, from such action in the future.

63. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable

damages as a result of Defendants' discriminatory practices unless and until this Honorable

Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a.  Adjudge and decree that Defendant have violated the FCRA, and have done so
    willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits'
    adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful
    employment practices described herein;

c.  Enter an award against Defendant and award Plaintiff compensatory damages for
    mental anguish, personal suffering, and loss of enjoyment of life;

d.  Enter a judgment against Defendant to award Plaintiff front pay;

e.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f.  Grant Plaintiff such additional relief as the Court deems just and proper under the
    circumstances.

<u>**COUNT III**</u>
*Sexual Harassment in Violation of the FCRA*

64. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-63 of this

complaint as if set out in full herein.

65. Plaintiff is a member of a protected class under the FCRA.

66. As part of its protections, the FCRA prohibits sexual harassment.

67. The conduct to which Plaintiff was subjected was severe, pervasive, physically threatening, humiliating, and unreasonably interfered with Plaintiff's work performance in violation of the FCRA.

68. The harassing conduct to which Plaintiff was subjected was perpetrated against her as a result of her gender (female) and constituted actionable sexual harassment.

69. Plaintiff rejected Mr. Leander's sexual advances and was forced to work with him up and until her termination.

70. Defendants' alleged basis for the adverse conduct against Plaintiff are pretextual and asserted only to cover up the harassing, discriminatory, and retaliatory nature of their conduct.

71. As a result of the sexually harassing conduct to which Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits.   Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendants have violated the FCRA, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

11

d.  Enter an award against Defendant and award Plaintiff front pay;

e.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV

### *Retaliation in Violation of the FCRA*

72. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-71 of this complaint as if set out in full herein..

73.  of this complaint as if set out in full herein.

74. Plaintiff is a member of a protected class under the FCRA.

75. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

76. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of gender and religion, was unlawful but acted in reckless disregard of the law.

77. As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

78. The conduct of Defendants, by and through the conduct of its agents, employees, and/or representatives, and Defendants' failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

79. The actions of the Defendants and/or its agents were willful, wanton, and intentional, and

12

with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish the Defendants for its actions and to deter it, and others, from such action in the future.

80. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' retaliatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendants:

a. Adjudge and decree that Defendants have violated the FCRA, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Enter an award against Defendant and award Plaintiff front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT V
#### *Religious Discrimination in Violation of Title VII*

81. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-80 of this complaint as if set out in full herein.

82. Plaintiff is a member of a protected class under Title VII.

NOT A CERTIFIED COPY

83. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's religion and subjected the Plaintiff to animosity based on religion.

84. Such discrimination was based upon the Plaintiff's religion in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Jewish.

85. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of religion was unlawful but acted in reckless disregard of the law.

86. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

87. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

88. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

89. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

90. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant

14

to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

91. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Enter an award against Defendant and award Plaintiff front pay.

e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## <u>COUNT VI</u>
### *Gender Discrimination in Violation of Title VII*

92. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-91 of this complaint as if set out in full herein.

93. Plaintiff is a member of a protected class under Title VII.

94. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's gender and subjected the Plaintiff to animosity based on gender.

95. Such discrimination was based upon the Plaintiff's gender in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is female.

96. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of gender was unlawful but acted in reckless disregard of the law.

97. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

98. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

99. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

100.    The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

101.    The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

102.    Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

g.  Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

h.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

i.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

j.  Enter an award against Defendant and award Plaintiff front pay.

k.  Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

l.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT VII**</u>
*Religious Discrimination in Violation of 42 U.S.C. § 1981*

103.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-102 of this complaint as if set out in full herein.

104.    Plaintiff is a member of a protected class under § 1981.

105.    By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's religion and subjected the Plaintiff to religious-based animosity.

106.    Such discrimination was based upon the Plaintiff's race in that Plaintiff would not

have been the object of discrimination but for the fact that Plaintiff is Jewish.

107.     Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.   Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

108.     At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

109.     Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

110.     As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

111.     The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

112.     The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

113.     Plaintiff has suffered and will continue to suffer both irreparable injury and

compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

114.     So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

a.   Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b.   Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c.   Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.   Enter an award against Defendant and award Plaintiff front pay;

e.   Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT VIII
*Gender Discrimination in Violation of 42 U.S.C. § 1981*

115.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-114 of this complaint as if set out in full herein.

116.     Plaintiff is a member of a protected class under § 1981.

117.     By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's gender and subjected the Plaintiff to gender-based

animosity.

118.     Such discrimination was based upon the Plaintiff's race in that Plaintiff would not

have been the object of discrimination but for the fact that Plaintiff is female.

119.     Defendant's conduct complained of herein was willful and in disregard of

Plaintiff's protected rights.   Defendant and its supervisory personnel were aware that

discrimination on the basis of gender was unlawful but acted in reckless disregard of the

law.

120.     At all times material hereto, the employees exhibiting discriminatory conduct

towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of

Plaintiff's employment with the Defendant.

121.     Defendant retained all employees who exhibited discriminatory conduct toward the

Plaintiff and did so despite the knowledge of said employees engaging in discriminatory

actions.

122.     As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of

rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress

and damage.

123.     The conduct of Defendant, by and through the conduct of its agents, employees,

and/or representatives, and the Defendant's failure to make prompt remedial action to

prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory

rights under federal law.

124.     The actions of the Defendant and/or its agents were willful, wanton, and intentional,

and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus

entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant

to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

125.     Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

126.     So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a.  Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    b.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    c.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d.  Enter an award against Defendant and award Plaintiff front pay;

    e.  Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

    f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

NOT A CERTIFIED COPY

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.


Respectfully Submitted,

*/s/ Russell Kerr*
RUSSELL KERR, P.A.
1044 North U.S. Highway One
Suite 202
Jupiter, FL 33477
Telephone: (561) 571-0358
Facsimile: (561) 658-0677

Russell A. Kerr, Esq.
Florida Bar No. 10206
rkerr@russellkerrlaw.com

*/s/ Nicholas M. Sarta*
Nicholas M. Sarta, Esq.
Florida Bar No. 1018470
nsarta@russellkerrlaw.com

Gregory M. Sussman, Esq.
Florida Bar No. 1010883
Gregory.sussman@russellkerrlaw.com

Edward Buchanan, Esq.
Florida Bar No. 68346
edward@russellkerrlaw.com

# Exhibit A

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ___ FEPA (MDCCHR & FCHR) <br> X   EEOC | |

EEOC – U.S. Equal Employment Opportunity Commission,
FCHR—Florida Commission on Human Relations
*State or local Agency, if any*

| Name *(indicate Mr. Ms. Mrs.)* <br> Mrs. Finkelstein | Home Phone (Incl. Area Code) <br> 954-632-1249 | Date of Birth |
|---|---|---|
| Street Address <br> 3608 Miramontes Circle | City, State and ZIP Code <br> Wellington, FL 33414 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name <br> LQV WEST PALM BEACH LLC | No. Employees, Members <br> 15+ | Phone No. (Include Area Code) <br> 954-990-5372 |
|---|---|---|
| Street Address <br> 1480 HIPPOCRATES WAY | City, State and ZIP Code <br> WEST PALM BEACH, FL 33411 | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ___ RACE   ___ COLOR   X SEX X RELIGION   ___ NATIONAL ORIGIN <br><br> X   RETALIATION   ___ AGE   ___ DISABILITY   ___ OTHER | Earliest: 02/18/2018 Latest: 07/24/2020 <br><br> ___ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attached extra page(s)):*

I feel that I was discriminated against by my employer LQV WEST PALM BEACH, LLC., through my supervisors because of my Religion and Sex. The discrimination I was subject to includes, but is not limited to the following:

I am a White female of Jewish faith and a Physician's Assistant (P.A.) by profession. The religion discrimination began when I first started working for the LQV on or about February 18, 2018. I was previously employed by Hippocrates. LQV was contracted by Hippocrates to run the IV department and paid a portion of my salary to so I could continue to see Hippocrates guests.  Previous to the merger, Dr. WIllix, was ONLY the medical Director of LQV. He later became the medical director of both Hippocrates and LQV after he convinced the Director of Hippocrates, Brian Clement to allow LQV to take over the upstairs Vida medical building and fire the Jews.

The previous Medical Director and supervisor, Joshua Hellman along with Gail Haber a skilled IV nurse, and Sari Marks an administrative assistant whom were all Jewish were abruptly fired after I signed my LQV contract. Had I known that this hostility was going to take place against Jews, I would not have signed that contract. Dr. Willix and LQV, in their negotiations with Hippocrates had a total of 3 Jews fired: Sari Marks, Dr. Hellman and Gail Haber. Gail Haber stayed on a bit longer due to her IV skills however LQV refused to hire her per Dr. Willix orders, again because she was Jewish. Dr. Willix was hostile towards Gail and spoke unkindly of her behind her back to me and other staff members.

23

*Further, Practitioner Chad Van Horn, when I was training in March 2018, introduced himself as a "WASP", spoke in a German accent and made reference to him being the "chosen race" HITLERS choice. I was stunned, but at the time I just believed it was all a joke. Sari Marks, mentioned above, another staff member who felt discriminated against warned me about Dr. Willix from the beginning of my employment. I was told by her not to let anyone at LQV know that I was Jewish for fear of disparaging treatment by Dr. Willix. I have texts to prove her warnings. As mentioned earlier she was fired on the spot when LQV took over the medical building. at Hippocrates.*

I was also subject to discriminating and derogative text messages from Dr. Willix on November 2019 where he called me a child who was unable to competently do my job.

I reported the antisemitic comments in the first few days of my employment to management, and Sam Tejada and instead of having him go through any training for his conduct, management just told him what I said.  He then took me aside and aggressively told me how he knows more about religion than me or anyone and that gives him the right to say what he wants. He aggressively stated that I did not know what I was talking about or what I meant by his antisemitic comments, thereby manipulating me into believing I was wrong to be upset. He proclaims himself to be a "shaman "and ayurvedic" healer".

Because I was already employed at Hippocrates and did not want to lose my job, I had no choice but to continue to work under Dr. Willix. He continued to be unprofessional, aggressive, verbally abusive, threatening, and subordinating on many occasions, not just to me, but to many other staff members as well. He was in fact later fired at end of December 2020 from his medical directorship at Hippocrates for those very reasons. Nevertheless, he was still my boss and medical director for (LQV). I repeatedly reported these complaints in tears to the CEO of LQV and nothing was ever done. Sam just made light of the situation, saying he is in last generation and he is just a grumpy old man. The HR department at Hippocrates did question me about his misconduct prior to his termination, and again for fear of my job with LQV, I only confessed to some of his outlandish aggressive behavior only because I was promised it would remain confidential. After his termination, Dr. Willix, was even more hostile towards me. At a LQV training that was conducted before COVID in January 2020 he was very kind to the other LQV practitioners and completely avoided me. This made me extremely uncomfortable. Again, the CEO, Sam Tejada did nothing to protect me.

My position was confusing because I worked for both entities. LQV had a contract with Hippocrates regarding my roles which I never saw or was privy to. Hippocrates paid LQV half my salary so I could continue seeing the Hippocrates guests. LQV and Hippocrates had numerous conflicts, and I was often caught in the middle. Dr Willix yelled at me every time Brian Clement, the Director of Hippocrates had a dispute with LQV. Dr. Willix, who was trying to save and maintain his job and good graces with Brian, instead blamed me directly for the job and roles Sam Tejada (CEO LQV) mandated I do to stay employed. In short, my role (selling supplements, etc) competed with Brian's influence over his guests since they too had their own supplements and protocols.

Hippocrates began to see me as a competitor and out of alignment with their vegan, natural vision. This persisted into most of early 2020 and For fear of losing job bonuses and raises I was forced to sell LQV supplements over theirs. Sam Tejada, because he saw no value in me as a woman and a Jew had no issues traumatizing me in this way. He only cared about profits and had no problem having the CFO, who often appeared drunk or on drugs, criticize me and question me often when numbers fell.

24

At the onset of COVID, Hippocrates furloughed the majority of their staff and also stopped paying LQV a portion of my salary. I was forced into full-time employment with LQV and full time groupon aesthetics. This was so upsetting and usafe because while all other non-essential medical services were forced to shut down, I was forced into non-essential aesthetics without PPD. I had to borrow masks and gowns from a nurse that was employed at Hippocrates. I later in fact, tested positive for the antibodies.

I have a higher-than-average PA education which includes a fellowship in integrative medicine and a master's degree. When I was hired by Dr. Josh Hellman to work on behalf of Hippocrates it was for these merits. LQV, because they hate intelligent Jews, subordinated my skill set and forced me into groupon botox and erectile dysfunction treatments the second Hippocrates stopped paying a portion of my salary. I was double booked 160% and was no longer utilizing the medical skill set I was originally hired by Hippocrates to use. Lastly to further harm and subordinate me, LQV continued to stigmatize me knowing that Hippocrates strongly disapproved of botox. My safety and the value of my life was not considered important to LQV because they never closed during the first mandated stages or provided PPD. LQV was exposing myself as well as Hippocrates guests, who were unable to travel to COVID.

The Sexual harassment discrimination began with a man named Eric Leander, an independent contractor, who is very close with the CEO of LQV. He represents AMNIOWELL, the sole provider of stem cells to LQV. Eric, who has no medical degree also publishes a magazine which highlights and promotes LQV. Eric Leander professionally known as Eric Uruz, is outspoken and blurts out his sexual opinions during training sessions. He goes on and on in an unprofessional way about how stem cells are used in erectile dysfunction and is pushy and intrusive. He speaks out of line about sexual instruments that can be used along with the stem cells and assumes liberties that are not warranted. He gets too personal and does not stay professional.

The incident occurred while he was assessing my shoulder after I received a treatment. In May 2020, He took my arm and placed it directly on his penis and told me that I need to have more fun. I was disturbingly shocked and extremely uncomfortable. I reminded him that I am married and have a husband. I REPORTED this to my manager Rebeca who is the HR representative at my location. She failed to report this as mandated by law likely because she was having an affair with CEO's brother who is the IV therapist on premises. Rebeca at the time was secretly pregnant with his child. For these reasons, Rebeca has a heavily vested personal interest in LQV and its management partners. She likely feared for her own financially stability if she reported. Rebeca in her role as Human Resources Manager failed to protect LQV employees from a hostile and unsafe workplace environment.

This was the environment I worked in. LQV has a frat house masculine energy. The CEO and the managers collectively were very close with Eric. I was so upset when I reported it and I felt ashamed and hurt. Once I told my husband it was very hard for him to get over.

After reporting this incident to my manager Rebeca, nothing was done to punish or prevent Eric Leander from doing this again, and I was forced to continue to work with him until my departure from LQV. He would just come whenever he wanted. This made my work experience extremely unsettling, upsetting me even more, as I was now being forced to work with a man who physically and sexually assaulted me.

Other incidents that disclose and defend my position are numerous. One was at my yearly review in early April for the raise I did not get. The CEO, Sam Tejada and the medical director, who replaced Dr. Willix after he

*passed away were discussing their "Homework" following penile enhancement treatments. At the dinner table my CEO Sam, said while "my wife has her needs like doing her nails in bed, I have my needs". He was referring to masturbation with a penis pump.*

*LQV, as I was contemplating resigning from my position over all of this, turned into a hyper wellness medical-spa, and began advertising sexual enhancement services outside of medical necessity that I, nor my husband felt comfortable that I perform. They even started advertising on Groupon for the services. Between aesthetics and these services, I knew I needed and wanted out. However, I put on my game face because I needed a job.*

Sam Tejada even wanted me to treat Brian Clement, the director of Hippocrates and my old boss. I was expected to touch and treat and inject his penis. I was incredibly uncomfortable.  I expressed this to Sam and because it was an inconvenience for him to have another male practitioner do it and lose money at his location, he instead told me that I would have to work at a different location to make up for the time.  He made it seem like I had no choice but to provide the service or be uprooted and forced to commute to a new location that I had never worked at before. Regardless, I do not think it is appropriate to put a female Practitioner in that kind of position against her choice.

Throughout the course of my employment, this pattern of discriminating and derogative behavior persisted, and I was singled out time and time again. I was not given raises or increases in bonuses after my reviews, I was overworked, double-booked, unwarrantedly hyper-criticized, and was treated differently than the other non-Jewish and male staff members. I felt as if they were all part of this secret club in which I did not belong and could never be a part of. They were all invited to participate as investors or partners and I was basically told I would never be able to get to that level, impliedly because I was Jewish and a Female.

1. I was eventually terminated from my position on July 24, 2020, not for any employment related issues, but for operating a "website". The other non-Jewish Practitioners I worked with, have websites, very similar if not identical to mine, but I was singled out and made an example of by being fired, while the other non-Jewish  practitioners continue to operate their websites and continue to be employed by LQV.

I believe that throughout my employment with company I was discriminated against because of my Religion and Sex, and believe I was terminated for the same.

Throughout my employment, I never received any complaints about my work performance and I always arrived on time for my shifts. My clients have never expressed any complaints or concerns for the treatment I gave. Any reason proffered by my ex-employer, if any, for the adverse employment action is mere pretext for unlawful discrimination due to my religion. I feel that I have been discriminated against in violation of the, Title VII of the Civil Rights Act, the Florida Civil Rights Act, and local laws.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. . | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| | |

I declare under penalty of perjury that the above is true and correct.

2/9/21   Weny White
Date   Charging Party Signature

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME
THIS DATE (month, day, year) 2/9/21

NOT A CERTIFIED COPY

27

# Exhibit B

EEOC Form 161-B (11/2020)

### U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: Wendy Finkelstein<br>3608 Miramontes Circle<br>Wellington, FL 33414 | From: Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2021-02017 | MICHAEL S. MATHELIER,<br>Investigator | (786) 648-5853 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐    More than 180 days have passed since the filing of this charge.

☒    Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒    The EEOC is terminating its processing of this charge.

☐    The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, the paragraph marked below applies to your case:

☐    The EEOC is closing your case.  Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.  Otherwise, your right to sue based on the above-numbered charge will be lost.

☐    The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Marissa
Cosculluela
Digitally signed by Marissa Cosculluela -
DN: cn=Marissa Cosculluela, o, ou=EEOC -
Miami District Office,
email=Marissa.Cosculluela@eeoc.gov, c=US
Date: 2021.02.17 14:15:05 -05'00'

02/17/2021

Enclosures(s)

For:   **BRADLEY A. ANDERSON,**
**Acting District Director**

(Date Issued)

cc:   LQV WEST PALM BEACH, LLC
Lilas Ayandeh, Esq.
AYANDEH LAW, P.A.
599 SW 2ND AVENUE
Fort Lauderdale, FL 33301

Russell A. Kerr, Esq.
RUSSELL KERR, P.A.
1033 North U.S. Highway One
Suite 202
Jupiter, FL 33477

NOT A CERTIFIED COPY

Enclosure with EEOC
Form 161-B (11/2020)

### INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS**   --   **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**the Genetic Information Nondiscrimination Act (GINA), or the Age**
**Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge within 90 days of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed within 90 days of the date this Notice was *issued* to you (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS**   --   **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred more than 2 years (3 years) before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 – in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION**   --   **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE**   --   **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request within 6 months of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Case 9:21-cv-80860-DMM  Document 1  Entered on FLSD Docket 05/12/2021  Page 38 of 43

**IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA**

WENDY FINKELSTEIN,

          Plaintiff,             CASE NO.: 50-2021-CA-005394-XXXX-MB

v.

LQV WEST PALM BEACH LLC,
a Florida limited liability company,
and SAM TEJADA,

          Defendants.

_____/

               **SUMMONS**

THE STATE OF FLORIDA
To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint in this lawsuit on Defendant, LQV WEST PALM BEACH LLC, by serving Defendant at:

               **LQV WEST PALM BEACH LLC**
                  **c/o Shayna Tejada**
                **5153 NW 42nd Terrace**
              **Coconut Creek, FL 33073**

                 **IMPORTANT**

      A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call with not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must

also mail or take a copy of your written response to the "Plaintiff / Plaintiff's attorney" named below:

Russell A. Kerr, Esq.
RUSSELL KERR, P.A.
1044 N U.S. Highway 1
Suite 202
Jupiter, Florida 33477
Telephone: (561) 571-0358
rkerr@russellkerrlaw.com

If the Defendant fails to do so, a default will be entered against that defendant for the relief demanded in the Complaint or petition.

**May 07 2021**

DATED on May _____, 2021

**JOSEPH ABRUZZO**

CLERK OF COURT

(Court Seal)



Deputy Clerk **JOSIE LUCCE**

NOT A CERTIFIED COPY

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecu-tifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte cijointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egale-ment, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

3

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

IN RE: STANDING ORDER FOR
CASE MANAGEMENT FOR SUBMISSION
OF AGREED CASE MANAGEMENT PLAN FOR
CASES FILED ON OR AFTER APRIL 30, 2021

_____/

**STANDING ORDER FOR CASE MANAGEMENT AND SUBMISSION OF AGREED**
**CASE MANAGEMENT PLAN IN CIVIL CASES**
**IN THE FIFTEENTH JUDICIAL CIRCUIT FILED ON OR AFTER APRIL 30, 2021**
**(DCMSO)**

Pursuant to Florida Rule of Civil Procedure 1.200(a), Florida Rule of General Practice and Judicial Administration 2.545, and Administrative Order 3.107 entered by the Chief Judge of this Circuit, the parties are informed of the following information and procedures applicable to civil lawsuits filed in the Circuit Court on or after April 30, 2021:

1.  **SERVICE OF THIS ORDER.**  The Plaintiff is directed to serve a copy of this Order with each Summons issued in this case.  One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service.

2.  **CIVIL CASE MANAGEMENT SYSTEM.**  The Supreme Court of Florida has established guidelines for the prompt processing and resolution of civil cases.  This Court has adopted a case management system to help meet those guidelines.  In contested cases, the parties are required to participate in the case management system.  The case management system requires early consultation and cooperation among the parties for the preparation and submission of an Agreed Case Management Plan and early involvement by the Court.   The Agreed Case Management Plan requires the parties to identify a case track, confer in good faith and attempt to narrow the matters in controversy, identify the issues that require direct involvement by the Court, and establish a schedule for addressing those issues.[1]  The Agreed Case Management Plan may be accessed at the Court's website at: https://15thcircuit.com/civil-differentiated-forms-and-orders.

Unless all of the Defendants have been served and have been defaulted or dropped, an Agreed Case Management Plan must be submitted to the assigned divisional queue via the Court's online scheduling system (OLS) as an attachment, in PDF format, to a proposed Order Accepting Agreed Case Management Plan on or before 130 days from the date of filing of the initial complaint.  If the parties are unable to agree on an Agreed Case Management Plan by the applicable deadline, a

---

[1] Case Track options include Expedited, Streamlined, General, or Complex.  Case Tracks have been established in order to comply with the case disposition standards set forth in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

case management conference will be scheduled by the Court or the Court will review and issue an Order Implementing Case Management Plan without agreement of the Parties. No matters that arise as a result of this standing order, including lack of agreement, will be set on the Court's Uniform Motion Calendar and will, instead, be settled by the Court either at the case management conference or via an Order Implementing Case Management Plan without agreement of the parties. If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory.

If all Defendants are served and defaulted or dropped, the Plaintiff will file the appropriate documentation to pursue a Default Final Judgment within 130 days of the filing of the complaint and Final Judgment is to be entered or set for hearing within 150 days of the filing of the complaint.

       3. **MEDIATION/ALTERNATIVE DISPUTE RESOLUTION (ADR)**. ADR provides parties with an out-of-court alternative to settling disagreements. Mediation is a type of ADR wherein an independent third party attempts to arrange a settlement at a conference between the parties. The Court requires the parties to participate in Mediation prior to trial unless the parties agree to another form of ADR.

       **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, on this 26 day of April, 2021.

THE 15TH JUDICIAL CIRCUIT OF FLORIDA
ADMINISTRATIVE OFFICE OF THE COURT

_____
**Administrative Circuit Judge**

**Subject:**   Finkelstein v LQV West Palm Beach, et al - Notice of Representation

**Date:**   Monday, May 10, 2021 at 2:48:32 PM Eastern Daylight Time

**From:**   Brody Shulman

**To:**   rkerr@russellkerrlaw.com, nsarta@russellkerrlaw.com, gregory.sussman@russellkerrlaw.com, edward@russellkerrlaw.com

**CC:**   Brody Shulman, Nicole Guedes

**Attachments:** image001.png

Good afternoon,

My office was just retained by LQV and Mr. Tejada to represent it in this matter. We are authorized to accept service of the Complaint on behalf of both Defendants. I look forward to working with you all on this matter.

Thank you.

Cordially,



**Brody Max Shulman, Esq.**
Partner – Miami Office

**a:** 12555 Orange Drive, Suite 207 Davie, FL 33330
**a:** 300 Sevilla Avenue, Suite 206 Coral Gables, FL 33134
**p:** (786) 485-5232
**e:** brody@pba-law.com
**w:** www.pba-law.com

*CONFIDENTIALITY NOTICE: This e-mail message may contain information that is attorney-client privileged, confidential, or otherwise protected by applicable law. The information contained in this e-mail is intended to be viewed only by the individual to whom it is addressed. If you are not the person to whom this e-mail is addressed, any dissemination, distribution or copying of this message is strictly prohibited. If you are not the intended recipient or have otherwise received this e-mail in error, please notify the sender by reply e-mail, delete this e-mail, and destroy any copies. Thank you.*