UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 21-80860-CV-MIDDLEBROOKS

WENDY FINKELSTEIN,

    Plaintiff,

v.

LQV WEST PALM BEACH, LLC, *et al.*,

    Defendants.

_____/

## ORDER ON MOTION TO DISMISS

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint, filed on May 21, 2021. (DE 4). Plaintiff responded on June 3, 2021 (DE 8), and Defendants replied (DE 12). For the following reasons, Defendants' Motion to Dismiss is granted.

**I.    BACKGROUND**

This action arises from Plaintiff's two-year employment with Defendants as a physician's assistant. (DE 1-1 at ¶ 15). Plaintiff alleges that during the course of her employment she was discriminated against because of her religion and gender, and on the basis of that discrimination she has sued her corporate employer, LQV West Palm Beach, LLC, (the "Corporate Defendant") and the CEO of her employer, Sam Tejada (the "Individual Defendant") under the Florida Civil Rights Act (the "FCRA"), Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981. (*Id.* at ¶ 7). More specifically, Plaintiff asserts eight claims against Defendants: religious discrimination in violation of the FCRA ("Count I"); gender discrimination in violation of the FCRA ("Count II"); sexual harassment in violation of the FCRA ("Count III"); retaliation in violation of the FCRA ("Count IV"); religious discrimination in violation of Title VII ("Count V"); gender discrimination in violation of Title VII ("Count VI"); religious discrimination in violation of 42 U.S.C. § 1981

("Count VII"); and gender discrimination in violation of 42 U.S.C. § 1981 ("Count VIII"). (DE 1-1 at ¶¶ 42–126).

As the basis for her religious discrimination claims, Plaintiff asserts that her supervisor, Dr. Willix, was hostile to Plaintiff and other Jewish employees by "often speaking about them in derogatory terms by making anti-Semitic comments when outside of their presence." (*Id.* at ¶ 19). According to Plaintiff, she was told by other staff "not to let Dr. Willix know she was Jewish for fear of retaliation and disparate treatment." (*Id.* at ¶ 20). Plaintiff further asserts that, after the Individual Defendant informed Dr. Willix about her complaints, Dr. Willix "told Plaintiff that 'he knows more about the Jewish religion than her or anyone' and that he had the right to freely say what he wants." (*Id.* at ¶ 24).

As the basis for her gender discrimination claims, Plaintiff asserts that she was harassed by Eric Leander, an independent contractor of the Corporate Defendant and a friend of the Individual Defendant. (*Id.* at ¶ 30). Specifically, Plaintiff alleges that "while administering treatment on his shoulder, Mr. Leander took Plaintiff's arm and placed it directly on his penis and told her 'she needed to have more fun.'" (*Id.* at ¶ 33).

Relevant to both of her categories of claims, Plaintiff further asserts that "[t]hroughout her employment with [the Corporate Defendant], Plaintiff was singled out time and time again, was never given raises, nor bonuses after her reviews and was overworked, double booked, and treated differently than other non-Jewish and male employees." (*Id.* at ¶ 5).

Defendants now move to dismiss Plaintiff's Complaint for four reasons, attacking both the form and substance of the Complaint. (*See* DE 4). Defendants first assert that Plaintiff's Complaint is an impermissible shotgun pleading and that they are unable to discern which of Plaintiff's claims are against the Corporate Defendant and which are against the Individual Defendant. (*Id.* at 6–8).

2

Defendants next assert that Plaintiff has not stated a claim under the Fair Labor Standards Act ("FLSA") because she has not alleged FLSA coverage or operational control. (*Id.* at 9–14). Third, Defendants urge that Plaintiff's § 1981 claims must be dismissed because § 1981 does not cover claims for discrimination on the basis of gender or religion. (*Id.* at 14). Finally, Defendants argue that Plaintiff cannot pursue her discrimination claims against the Individual Defendant, and that, although it is not clear from Plaintiff's Complaint which claims she is bringing against the Individual Defendant, I should "immediately foreclose this improper avenue." (*Id.* at 15). For the reasons explained below, Defendants' Motion to Dismiss is granted.

## II.   LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the allegations in a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing legal sufficiency, courts are bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). That is, "a complaint must . . . contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted 'when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.'" *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (citation omitted).

When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and accept as true all of the plaintiff's factual allegations. *See Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual

allegations." *Iqbal*, 556 U.S. at 679. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (citation omitted). "Factual allegations must be enough to raise [the plaintiff's] right to relief above the speculative level[.]" *Id.* (citation omitted).

### III. DISCUSSION

Defendants make four arguments in support of their Motion to Dismiss Plaintiff's Complaint. Each argument is addressed in turn below.

#### 1. Improper Shotgun Pleading

Defendants first argue that Plaintiff's Complaint is a shotgun pleading because "Plaintiff failed to properly delineate which Defendant is allegedly in violation of any Federal or Florida law." (DE 4 at 6). That is, "the Complaint asserts multiple claims against multiple Defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." (*Id.* at 8). Plaintiff does not respond to this argument other than with the vague assertion that her Complaint "put Defendants on sufficient notice." (DE 8 at 2).

Plaintiff's Complaint is indeed a shotgun pleading because it does not provide Defendants with notice of which claims are being brought against each of them. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) ("The Complaint is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the . . . defendants charged"); *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015) (explaining that pleadings that "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against" are shotgun pleadings). In Count I, Plaintiff asserts that "Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the

4

knowledge of said employees engaging in discriminatory actions," but Plaintiff does not state if she is referring to the Corporate Defendant or the Individual Defendant. (DE 1-1 at ¶ 48). The same is true later in Count I when Plaintiff asserts that "Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff" violated state and federal law but fails to indicate whether the Corporate Defendant, the Individual Defendant, or both should have taken remedial action. (*Id.* at ¶ 50). And in Count II, Plaintiff states in one line that "Defendants have engaged in discrimination against Plaintiff," and in another that "[t]he conduct of Defendant . . . deprived the Plaintiff of statutory rights under federal law," making it unclear whether Plaintiff intended to assert this claim against one or both Defendants, and, if against only one Defendant, which one. (*Compare* DE 1-1 at ¶ 55 *with* DE 1-1 at ¶ 61). The remaining six claims in Plaintiff's Complaint similarly fail to specify the target of each claim.

Because Plaintiff's Complaint does not provide Defendants with notice of the claims against each of them, I will dismiss Plaintiff's Complaint without prejudice and with leave to file an Amended Complaint that clearly delineates (1) which Defendant is being charged in each count and (2) what conduct Plaintiff attributes to each Defendant. Although I am dismissing Plaintiff's Complaint on this ground, it is still necessary for me to consider Defendants' remaining arguments as they bear on additional deficiencies with Plaintiff's Complaint that must be cured in any Amended Complaint she might file.

### 2. Insufficient Allegations to Support an FLSA Action

Defendants next seek to dismiss Plaintiff's Complaint on the ground that it does not include the allegations necessary to support an FLSA claim. (DE 4 at 9–14). Plaintiff does not address these arguments in her Response. (*See* DE 8). It is true that in the "General Allegations" section of her Complaint Plaintiff states that she is bringing her lawsuit pursuant to "the Fair Labor

Standards Act, 29 U.S.C. §§ 201–219." (DE 1-1 at ¶ 7). However, in Plaintiff's numbered counts, Plaintiff does not make any claims under the FLSA. (*See* DE 1-1 at ¶¶ 42–126). Counts I, II, III, and IV arise under the FCRA; Counts V and VI under Title VII; and Counts VII and VIII under 42 U.S.C. § 1981. (*See id.*). As such, it does not appear that Plaintiff is actually trying to pursue any FLSA claim. Because Plaintiff has not raised any FLSA claim in her Complaint and does not address Defendants' arguments that she has failed to properly plead an FLSA cause of action in her Response, it appears that Plaintiff has abandoned this avenue for relief. As a result, I need not consider Defendants' argument that Plaintiff has failed to state a claim under the FLSA.

### 3. Improper § 1981 Claims

Defendants move to dismiss Plaintiff's § 1981 claims because it "is well-established that discrimination alleged on protected classes *other than* race cannot be filed pursuant to § 1981." (DE 4 at 14). Plaintiff does not directly respond to Defendants' argument; rather, she asserts that "[she] is Jewish and as such is a member of a protected class under the FCRA, Title VII and 42 U.S.C. § 1981" and that "being a woman is a member of an additional protected class and it is important that our justice system protects women to ensure equal rights and opportunities in the workplace and professional environment." (DE 8 at 2).

"Section 1981 prohibits intentional race discrimination in the marking and enforcement of public and private contracts, including employment contracts." *Ferrill v. Parker Group, Inc.*, 168 F.3d 468, 472 (11th Cir. 1999). Defendant is correct that it does not apply to claims for discrimination based on religion, gender, or national origin. *See Olivares v. Martin*, 555 F.2d 1192, 1196 (explaining that to state a cause of action for discrimination under § 1981 a plaintiff must allege discrimination on the basis of race); *Tippie v. Spacelabs Medical, Inc.*, 180 Fed. App'x 51, 56 (11th Cir. 2006) ("By its very terms, § 1981 applies to clams of discrimination based on race,

6

not national origin."). Because Plaintiff's § 1981 claims do not assert that she was discriminated against on the basis of her race—Count VII alleges "religious discrimination" and Count VIII alleges "gender discrimination"—those claims are dismissed.

## IV. Individual Defendant Sam Tejada

Finally, Defendants move to dismiss Plaintiff's claims against the Individual Defendant on the ground that there is no individual responsibility under Title VII or the FCRA. (DE 4 at 16). As explained above, however, Plaintiff has not indicated which of her claims are against the Corporate Defendant and which of her claims are against the Individual Defendant. As such, I am unable to discern whether Plaintiff is attempting to bring any Title VII or FCRA claims against the Individual Defendant, as Defendant properly points out would be impermissible. *See Hinson v. Clinch County Bd. Of Educ.*, 231 F.3d 821, 827 (11th Cir. 2000) ("The relief granted under Title VII is against the employer, not [against] individual employees whose actions would constitute a violation of the Act."); *see also Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("Individual capacity suits under Title VII are . . . inappropriate."). I expect Plaintiff to comply with this precedent in any Amended Complaint she might file.

## V. CONCLUSION

Based upon the foregoing, it is **ORDERED AND ADJUDGED** that:

(1) Defendants' Motion to Dismiss Plaintiff's Complaint (DE 4) is **GRANTED**.

(2) Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE.**

(3) If Plaintiff intends to file an Amended Complaint to attempt to cure the deficiencies set forth in this Order, she must do so **on or before November 12, 2021.** Plaintiff is advised that any Amended Complaint shall not add any new defendants or claims, as

Plaintiff has not sought, and I have not granted, authorization to expand the scope of these proceedings.

(4) Failure to timely file an Amended Complaint may result in dismissal of this case without prejudice.

**SIGNED** in Chambers at West Palm Beach, Florida, this 2 day of November, 2021.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record